UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CAROLYN FROHSIN, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED PARCEL SERVICE, INC. <br><br> Defendant. | CASE NO. _____ |

## NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441

Pursuant to 28 U.S.C. §§ 1441, Defendant United Parcel Service, Inc. ("UPS") files this Notice of Removal to remove this civil action from the Circuit Court of Jefferson County, Alabama, wherein it was filed as CV-2022-902482, to the United States District Court for the Northern District of Alabama, Southern Division, and in support of this removal, shows unto this Honorable Court as follows:

    1.    UPS removes this action under 28 U.S.C. § 1441(a), on the ground that this action is within the original jurisdiction of this Court. Specifically, pursuant to 28 U.S.C. § 1337(a), "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce . . . if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs." Here, under well-established federal law, Plaintiff's claim for damages arising from an interstate shipment by motor carrier "arises under" the Carmack Amendment, 49 U.S.C. § 14706. Furthermore, the amount in controversy is in excess of $10,000. (Compl. ¶ 3.) Accordingly, the action is removable under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1337(a).

    2.    Plaintiff filed a complaint ("Complaint") in the Circuit Court of Jefferson County, Alabama, entitled *Carolyn M. Frohsin v. United Parcel Service, Inc.*, Case No. 01-CV-2022-

1

902482.00 on August 23, 2022. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon UPS in the action are attached to this notice collectively as **Exhibit 1**.

3. UPS was served with the summons and Complaint no earlier than August 30, 2022. This notice of removal is therefore timely under 28 U.S.C. § 1446(b).

4. Plaintiff's action arises from the manner in which UPS allegedly provided interstate delivery services. According to the Complaint, Plaintiff hired a UPS Store location in Alabama to ship a Chinese porcelain figurine to Maine in 2021. (Compl. ¶¶ 6-7, 9.) Plaintiff alleges that the package was delivered to the consignee, but it contained rugs rather than the porcelain figurine. (*Id.* ¶ 11.) Plaintiff alleges that she notified UPS and that UPS stated it would make a diligent search, but did not respond further. (*Id.* ¶¶ 12-13.)

5. Plaintiff asserts a negligence claim, alleging that UPS had an obligation to care for Plaintiff's property and failed to do so. (*Id.* ¶¶ 19-20.) Plaintiff also asserts a claim of conversion, alleging that UPS was in possession of plaintiff's property and wrongfully permitted the property to be lost or stolen. (*Id.* ¶ 23.) The Complaint alleges, among other things, that UPS is guilty of "failing to properly ship the figurine." (*Id.* at 15.) Plaintiff also alleges that the amount in controversy exceeds $20,000. (*Id.* at ¶ 3.) Based on information provided by Plaintiff's counsel, UPS has verified that the subject package of the Complaint was an interstate shipment by ground, from Alabama to Maine.

6. Plaintiff's claims present questions of federal law and are within the original jurisdiction of this Court. Plaintiff's action arises under the Carmack Amendment, 49 U.S.C. § 14706, because it seeks damages for an alleged failure by UPS in connection with an interstate shipment by ground transportation. The Carmack Amendment provides the sole and exclusive remedy for claims arising from a motor carrier's interstate delivery services. The Supreme Court has determined that the purpose of the Carmack Amendment was enacted to "supersede[] diverse state laws with a nationally uniform policy governing interstate carriers' liability." *New York, New Haven & Hartford R.R. Co. v. Nothnagle*, 346 U.S. 128, 131 (1953). Accordingly, it has held

that the Carmack Amendment embraces "*all* losses resulting from *any* failure to discharge a carrier's duty as to *any part of the agreed transportation*." *Georgia, Fla. & Ala. Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 196 (1916) (emphasis added). The Eleventh Circuit has similarly held that "the Carmack Amendment preempts all . . . claims [that] arise from conduct involving UPS's transportation and delivery services." *Smith v. United Parcel Service, Inc.*, 296 F.3d 1244, 1245 (11th Cir. 2002).

7. Where, as here, an action falls within the scope of the Carmack Amendment, it is completely preempted and therefore removable to federal court. *Id.* at 1247 (noting removal of action alleging wrongful failure to deliver under Carmack Amendment); *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683 (9th Cir. 2007); *Hoskins v. Bekins Van Lines*, 343 F.3d 769 (5th Cir. 2003); *Baker v. Allied Van Lines, Inc.*, No. 8:06-CV-1997-T-24 EAJ, 2007 WL 461029, at *1 (M.D. Fla. Feb. 7, 2007) ("It is clearly established law, however, that the Carmack Amendment completely preempts Plaintiff's state law claims, which arise out of an interstate shipment, and removal by Defendant was proper despite the fact that Plaintiff's Complaint does not raise a federal question on its face."); *U.S. Aviation Underwriters, Inc. v. Yellow Freight System, Inc.*, 296 F. Supp. 2d 1322, 1338 (S.D. Ala. 2003) ("complete preemption applies in a Carmack Amendment context.").

8. Accordingly, because Plaintiff's state law claim against UPS is completely preempted by the Carmack Amendment, and seeks to recover more than $10,000, the action is removable under 28 U.S.C. § 1441(a).

9. Counsel for UPS certifies, pursuant to 28 U.S.C. § 1446(d), that UPS will promptly give notice of filing of this Notice of Removal to Plaintiff through Plaintiff's counsel of record and will promptly file with the Clerk of Circuit Court of Jefferson County, Alabama.

10. The allegations of this notice are true and correct, this cause is within the jurisdiction of the United States District Court for the Northern District of Alabama, and this cause is removable to the United States District Court for the Northern District of Alabama.

11.     If any question arises as to the propriety of the removal of this action, UPS respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, UPS, desiring to remove this case to the United States District Court for the Northern District of Alabama, Southern Division, being the district and division of said Court for the County in which said action is pending, prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

Dated:  September 29, 2022

                                              Respectfully Submitted,

                                              */s/Jackson M. Neal*
                                              J. Mark White (ASB-5029-H66J)
                                              Jackson M. Neal (ASB-6704-S20G)
                                              *Attorneys for Defendant United Parcel Service, Inc.*

**OF COUNSEL:**
**WHITE ARNOLD & DOWD P.C.**
2025 Third Avenue North, Suite 500
Birmingham, Alabama  35203
Telephone:   (205) 323-1888
Facsimile:    (205) 323-8907
E-mail:         mwhite@whitearnolddowd.com
                    jneal@whitearnolddowd.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 29, 2022, I electronically filed the foregoing Notice of Removal of Action Under 28 U.S.C. § 1441 with the Clerk of the Court using the CM/ECF system, and I served same upon all counsel of record in this case by electronic transmission and by placing a copy of same in the United States mail, properly addressed and first-class postage prepaid, as follows:

    Andrew P. Campbell
    Yawanna M. McDonald
    **OF COUNSEL:**
    **CAMPBELL PARTNERS, LLC**
    505 N. 20th Street
    Suite 1600
    Birmingham, Alabama 35203
    205.224.0750
    andy@campbellpartnerslaw.com
    yawanna@campbellpartnerslaw.com
    ***Attorneys for Plaintiff***

                                        */s/ Jackson M. Neal*
                                        OF COUNSEL